JOHN V. CARR & SON, INC. *v.* UNITED STATES

**No. 5673.**—Invoices dated Shawinigan Falls, Canada, July 2, 1941, etc.
Certified July 8, 1941, etc.
Entered at Detroit, Mich., July 8, 1941, etc.
Entry No. 161, etc.

(Decided June 26, 1942)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, subject to the approval of the court, that the polymerized vinyl acetate synthetic resin on the invoices covered by the appeals to reappraisement enumerated in schedule A, which schedule is made a part of this stipulation, was exported from Canada, and that the merchandise and the issues involved in the reappraisements set forth in schedule A are the same in all material respects as the merchandise and issues involved in *F. W. Myers & Co. Inc.* v. *United States*, Reap. Dec. 5607.

That foreign value, as that value is defined in sec. 402 (c) of the Tariff Act of 1930, is the proper basis of the determination of the value of the merchandise here involved, and that the appraised value of the polymerized vinyl acetate synthetic resin covered by these appeals, less any additions made by the importer by reason of the Canadian sales tax represents the foreign value of such merchandise.

It is further stipulated and agreed that the record in said Reap. Dec. 5607 be incorporated as a part of the record in the appeals to reappraisement set forth in schedule A.

That the said appeals to reappraisement are abandoned as to all merchandise other than the aforementioned polymerized vinyl acetate synthetic resin, and the said reappraisement appeals are hereby submitted upon this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that as to the polymerized vinyl acetate synthetic resin such values are the appraised values, less any additions made by the importer by reason of the Canadian sales tax.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.